```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :     SEALED INDICTMENT
                                 :
           - v. -                :     18 Cr.
                                 :
NAIM ISMAIL,                     :
                                 :
           Defendant.            :
                                 :
- - - - - - - - - - - - - - - - X
```

**18 CRIM 791**

## COUNT ONE

(Wire Fraud and Bank Fraud Conspiracy)

The Grand Jury charges:

1. From at least in or about February 2007, up to and including at least in or about July 2016, in the Southern District of New York and elsewhere, NAIM ISMAIL, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Sections 1343 and 1344.

2. It was a part and an object of the conspiracy that NAIM ISMAIL, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises would and did transmit and cause to be transmitted by means of wire, radio, and television

communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, NAIM ISMAIL fraudulently induced individual and corporate victims, including a financial institution as defined in Title 18, United States Code, Section 20, to provide funds to entities operated by NAIM ISMAIL and others by claiming that those funds would be used for particular loans and investments, including multiple real-estate related projects, when, in fact, that money was diverted for other purposes, including, for NAIM ISMAIL's personal gain, expenses and investments.

3. It was also a part and an object of the conspiracy that NAIM ISMAIL, the defendant, and others known and unknown, would and did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, NAIM ISMAIL fraudulently induced a financial institution to provide funds to entities operated by NAIM ISMAIL and others,

and such entities obtained funds in the custody of a financial institution, by claiming that those funds would be used for particular loans and investments, including multiple real-estate related projects, when, in fact, that money was diverted for other purposes, including, for NAIM ISMAIL's personal gain, expenses and investments.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

### (Wire Fraud)

4. From at least in or about February 2007, up to and including at least in or about July 2016, in the Southern District of New York and elsewhere, NAIM ISMAIL, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, NAIM ISMAIL fraudulently induced individual and corporate victims, including a financial institution as defined in Title 18 United States Code, Section 20, to provide funds to entities operated by NAIM ISMAIL and others by claiming that those funds would be used for

particular loans and investments, including multiple real-estate related projects, when, in fact, that money was diverted for other purposes, including, for NAIM ISMAIL's personal gain, expenses and investments.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE

### (Bank Fraud)

5. From at least in or about February 2007, up to and including at least in or about July 2016, in the Southern District of New York and elsewhere, NAIM ISMAIL, the defendant, willfully and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, NAIM ISMAIL fraudulently induced a financial institution to provide funds to entities operated by NAIM ISMAIL and others, and such entities obtained funds in the custody of a financial institution, by claiming that those funds would be used for particular loans and investments, including multiple real-estate related projects, when, in fact, that money was

4

diverted for other purposes, including, for NAIM ISMAIL's personal gain, expenses and investments.

(Title 18, United States Code, Sections 1344 and 2.)

## FORFEITURE ALLEGATION

6. As a result of committing the offenses alleged in Counts One through Three of this Indictment, NAIM ISMAIL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

```
            (Title 18, United States Code, Section 982;
         Title 21, United States Code, Section 853; and
         Title 28, United States Code, Section 2461.)
```

_____  
FOREPERSON  
October 34, 2018

_____  
GEOFFREY S. BERMAN  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**NAIM ISMAIL,**

Defendant.

---

**SEALED INDICTMENT**

18 Cr.

(18 U.S.C. §§ 1343, 1344, 1349 and 2.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
Foreperson

---

10/30/2018
Sealed Indictment filed.