```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

NAIM ISMAIL,

                                Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _05/17/2024_

18 Cr. 791 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 27, 2022, after pleading guilty to conspiracy to commit wire fraud, Defendant, Naim Ismail, was sentenced to a term of imprisonment of 70 months. Judgment, ECF No. 69; *see also* Amended Judgment, ECF No. 73. He now moves for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines (the "Guidelines"). Def. Mot., ECF No. 77. For the reasons stated below, Ismail's motion is GRANTED.

## BACKGROUND

### I. Statutory Framework

Pursuant to 18 U.S.C. § 3582(c)(2), after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The United States Sentencing Commission recently revised the Guidelines in what is known as Amendment 821. U.S.S.G. App. C, amend. 821. Part B of Amendment 821 inserts a new § 4C1.1, which provides a two-level offense level reduction for offenders with zero criminal history points who meet certain eligibility criteria. Amendment 821, which is retroactive, went into effect on November 1, 2023.

### II. Factual Background

From 2007 to 2016, Ismail orchestrated a scheme to secure loans and other investments from individuals and from the Afghan American Trading Company, a Manhattan-based subsidiary of Bank Millie Afghanistan. *See* Supp. PSR at 5 ¶¶ 9–21, ECF No. 75. In reality, the investments "amounted to a Ponzi scheme," and Ismail's victims—many of whom were "family and friends who trusted him with their savings"—lost almost $11 million. Sentencing Tr. at 46:11–18.

During Ismail's sentencing, the Court found that "a sentence within the [G]uidelines range [was] merited." *Id.* at 50:5–6. The Court sentenced Ismail to 70 months of

imprisonment—the middle of the then-applicable Guidelines range of 63 to 78 months, based on an offense level of 26 and a criminal history category of I—and entered an order of forfeiture in the amount of $10,962,128.79. *Id.* at 10:4–7, 50:9–11; Amended Judgment at 2; Forfeiture Order at 2, ECF No. 45. The Court also ordered Ismail to pay restitution in the amount of $10,692,128.79. Amended Judgment at 6–8; *see* Restitution Order, ECF No. 71.

The Bureau of Prisons currently projects that Ismail will be released from prison on March 28, 2025. Supp. PSR at 1. Ismail has not incurred any disciplinary infractions while incarcerated. *Id.* at 4 ¶ 8. He has participated in several educational programs and work assignments while incarcerated, including working as an orderly and in food service and sanitation. Supp. PSR at 4. Ismail also states that his physical health has deteriorated while he is incarcerated: he has "several cysts that resembled tumors," and "fears he may have cancer that is going undetected and ultimately untreated." Def. Mot. at 4.

### III. Procedural History

On March 19, 2024, the Federal Defenders informed the Court that Ismail intended to move for a sentence reduction but could no longer afford his prior retained counsel. *See* ECF No. 76. The Court appointed the Federal Defenders to represent Ismail in the Court's adjudication of the motion, *id.*, and Ismail filed his motion on April 12, 2024. The Government opposes the request, but does not contest that Ismail is eligible for the reduction. Gov. Opp., ECF No. 79.

## DISCUSSION

Ismail is eligible for a sentencing reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2). *See* Supp. PSR at 3. Based on the Court's independent evaluation of the Guidelines, Ismail's amended Guidelines range is 51 to 63 months, based on an offense level of 24 and a criminal history category of I.

In considering the instant motion, the Court must balance the factors set forth in 18 U.S.C. § 3553(a). Since his sentencing, Ismail has engaged in an array of work assignments and classes, and has had no disciplinary infractions in the nearly four years he has been incarcerated. Ismail has experienced "harsh conditions of confinement during the COVID-19 pandemic, both in the United States and the United Arab Emirates," Sentencing Tr. at 49:12–18, and may not be receiving adequate treatment in prison for his serious health concerns. The Court notes, as it did at sentencing, that Ismail's offense conduct was undoubtedly serious, as he played a central role in a multimillion-dollar Ponzi scheme that robbed many victims of their hard-earned savings.

Having considered the record in this case and the parties' arguments, it is hereby ORDERED that Defendant's term of imprisonment is reduced to **57 months' imprisonment**.

All other components of the sentence remain as originally imposed.[1]

The Clerk of Court is directed to terminate the motion at ECF No. 77.

SO ORDERED.

Dated: May 17, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The Government's request that the Court "provide an opportunity for any victims of the [D]efendant's crime to be heard" is DENIED. Gov. Opp. at 4.  As the Government acknowledges, although the Crime Victims' Rights Act entitles victims to be "reasonably heard at any public proceeding in the district court involving release [or] sentencing," it does not obligate the Court to hold a public proceeding on every motion implicating those subjects. 18 U.S.C. § 3771(a)(4); Gov. Opp. at 4.  The Court has thoroughly considered the interests of the victims—several of whom spoke, powerfully, at sentencing—in deciding this motion.