USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 10/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

NAIM ISMAIL,

Defendant.

18 Cr. 791 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 12, 2021, Defendant, Naim Ismail, pleaded guilty to conspiracy to commit wire fraud. On September 9, 2022, the Court sentenced him to 70 months' imprisonment and a three-year term of supervised release. *See* Am. Judgment, ECF No. 73.[1] Ismail moves pursuant to 18 U.S.C. § 3583(e)(1) for an early termination of supervised release, which began on May 17, 2024. *See* Mot. at 1, ECF No. 88; Opp. at 1, ECF No. 90. Probation does not oppose the request, but the Government does. *See id.* at 1–2. For the reasons stated below, Ismail's request is DENIED without prejudice.

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Subsection 3583(e)(2) "requires the [C]ourt, as it decides whether or how to modify the conditions of supervised release, to consider many of the same factors that it is required to consider in originally imposing a sentence upon a convicted defendant." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). The relevant factors include the nature and circumstances of the offense, the defendant's history and characteristics, and certain objectives of sentencing, including the need to protect the public from further crimes of the defendant and to deter future criminal activity. *See id.*

Ismail, who has completed over two years of his term of supervised release, argues that early termination is warranted because of his "exemplary conduct," "timely restitution payments," and "diligent care for his disabled brother." Mot. at 3. The Court does not find that early termination of supervised release is warranted because Ismail continues to owe significant restitution, which counsels in favor of continued supervision. *See* 18 U.S.C. § 3583(c) (citing § 3553(a)(7) as a factor to consider when determining whether to terminate supervised release); *id.* § 3553(a)(7) (noting "the need to provide restitution to any victims of the offense" as a fact to consider when imposing sentence). Although Ismail reports that he is currently paying restitution, Mot. at 1, the Court ordered restitution in the amount of $10,962,128.79, *see* Am. Judgment at 6–7, and thus far, he has paid only $6,678, *see* Opp. at 2. The Court finds that unpaid restitution presents an ongoing need for Probation's supervision.

[1] On May 17, 2024, the Court reduced Ismail's sentence to 57 months under 18 U.S.C. § 3582(c)(2) because its original sentence was based on a guideline sentencing range that had subsequently been lowered and made retroactive by the United States Sentencing Commission. *See* ECF No. 84.

Ismail has not shown that continued supervision imposes a significant burden. As to travel restrictions, Ismail only vaguely asserts that supervision has impeded his ability to travel. *See* Mot. at 2. He has not shown that his desired travel is incompatible with the terms of his supervised release or that, to the extent necessary, his probation officer has failed to timely approve his requests for travel. If there are particular conditions impeding Ismail's ability to travel to visit family, he may seek tailored modifications to the terms of supervision. As to his professional concerns, *see id.*, Ismail has not explained why the terms of his supervised release prevent him from finding a job.

Accordingly, Ismail's motion is DENIED without prejudice to renewal. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 88.

SO ORDERED.

Dated: October 7, 2026
New York, New York

ANALISA TORRES
United States District Judge